THE PEOPLE ex rel. JOHN WILSON COCHRANE, as Administrator, etc., Respondent, *v.* MICHAEL COLEMAN et al., Commissioners, etc., Appellants.

One S., a resident of Scotland, died there in 1881, leaving a will which appointed as sole executrix a resident of that country. All the residuary legatees were and still are residents of this state. Letters testamentary were issued to the executrix, and in 1882 ancillary letters of administration were issued by the surrogate of the county of New York to C., the petitioner herein, a resident of this state, who accepted and has continued to act thereunder. At the time of his death, S. owned personal property in this state, consisting mostly of debts due him from residents. In a proceeding to review an assessment, made in 1890, of said assets, which had remained in C.'s hands, against him as administrator, *held*, that the property was properly so assessed (1 R. S. 419, § 3); that C. was not entitled to exemption as an agent having moneys, in his possession or under his control, transmitted to him for investment or otherwise (1 R. S. 389, § 5); also that a sufficient period had elapsed since C.'s appointment to change the original character of the funds, assuming that they had been sent here and placed in his hands for investment; that it was his duty as administrator to distribute the assets as directed by the will subject to the lawful orders of the surrogate and to the rights

of resident creditors, and the resident distributees could not, by leaving them in his hands, escape taxation.

*People ex rel. Ferrer* v. *Comrs. of Taxes* (42 Hun, 560; 105 N. Y. 629); *Williams* v. *Suprs. of Wayne Co.* (78 id. 561), distinguished.

(Argued October 5, 1891; decided October 20, 1891.)

APPEAL by defendants, commissioners of taxes and assessments of the city of New York, from order of the General Term of the Supreme Court in the first judicial department, made May 15, 1891, which affirmed an order of Special Term, vacating an assessment against the petitioner for personal property, and striking the assessment from the assessment-roll as illegal.

William Smith, a resident of Scotland, died there in the year 1881, leaving a will in which he appointed his widow, Margaret Smith, sole executrix.   The widow has continued to reside in Scotland, but all the residuary legatees under the will were, at the death of the testator and ever since have been, residents of this state.   Letters testamentary were issued to the widow in Scotland.   An exemplification of the will was filed and recorded by direction of the surrogate in the county of New York, on the 12th day of July, 1882, and on the 21st day of September, 1882, ancillary letters of administration, with the will annexed, were issued by the surrogate to the relator herein, John Wilson Cochrane, of the city and county of New York, who acccepted the same and has ever since continued to act as such administrator.

At the time of the death of Mr. Smith, he owned personal property, the situs of which was in fact in the city of New York, and such property consisted, for the most part, of debts owed to Smith by residents of New York city, including certain bonds secured by mortgages of real estate in that city, the investments in which bonds and mortgages were made by him in his life-time, and these bonds and mortgages came into the hands of the relator as his administrator.

The relator in these proceedings set forth in his petition that the bonds and mortgages, as such, came into his possession as administrator, and that they were never sent to this state or

deposited in this state by Mr. Smith as a non-resident for collection or otherwise, and that they did not belong to a non-resident of the state as owner, but belonged to the relator as administrator as owner. The relator's petition contained a further statement that the larger part of the testator's personal property, amounting to something less than $30,000, consisted of the proceeds of merchandise manufactured by him in Great Britain and shipped by him to New York for sale, and which had been sold here in his life-time, and the moneys therefor paid and earned here, and at the time of his death the proceeds remained here uninvested and subject to his order; that this asset was in form a debt of a resident of New York to him on book account, which asset and the legal title thereto, upon the appointment of the relator as administrator, he alleges, became vested in him as such, and that no part of the personal property of Smith represented moneys transmitted here for investment or otherwise, and that the bonds and mortgages and the moneys represented thereby and the moneys representing the proceeds of the merchandise, have never been out of the city of New York.

The relator further alleged in his petition that the taxing authorities had assessed this property against him, and had decided that it was not exempt. The relator, therefore, presented his petition for a certiorari to the Supreme Court to review the question and now claims that the property is exempt from taxation.

*D. J. Dean* for appellants. The property in the possession or control of the relator was not exempt from taxation under the laws of New York. (*People ex rel. v. Tax Comrs.*, 100 N. Y. 215; *People ex rel. v. Tax Comrs.*, 119 id. 137; 42 Hun, 562.)

*Evarts, Choate & Beaman* for respondent.

Peckham, J. There is no dispute as to the facts in this case. The allegations contained in the relator's petition as to the property in question are uncontroverted and the simple question is whether upon such facts the relator or the defendants are correct.

1891.] People ex rel. Cochrane *v.* Coleman et al.    527

Opinion of the Court, per Peckham, J.

The claim of exemption is based upon two different sections of the Revised Statutes. They are as follows:

"§ 5. Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either of those trusts be assessed against any other person, and in case any person possessed of such personal estate shall reside during any year in which taxes may be levied in two or more counties, towns or wards, his residence for the purposes and within the meaning of this section shall be deemed and held to be in the county, town or ward in which his principal business shall have been transacted; but the products of any state of the United States, consigned to agents of any town or ward of this state for sale on commission, for the benefit of the owner thereof, shall not be assessed to such agents, nor shall such agents of moneyed corporations or capitalists be liable to taxation under this section for any moneys in their possession or under their control transmitted to them for the purpose of investment or otherwise." (1 Rev. St. 389, § 5.)

"§ 3. When any bond, mortgage, note, contract, account, or other demand, belonging to any person not being a resident of this state, shall be sent to this state for collection, or shall be deposited in this state for the same purpose, such property shall be exempt from taxation; and nothing contained in this chapter shall be construed to render any agent of such owner liable to be assessed or taxed for such property; but every such agent shall be entitled to have any such property deducted from his assessment upon making affidavit before the assessors at the time appointed by them for reviewing their assessments, that such property belongs to a non-resident owner, and therein specifying his name and residence." (1 Rev. St. 419, § 3.)

The administrator was not, after his appointment, the agent of the deceased testator, and hence he was entitled to no exemption as an agent having moneys in his possession or under his control transmitted to him for investment or other-

wise, as provided in the first of the above cited sections. The administrator says, indeed, that the moneys never were transmitted to him by testator for investment or otherwise; but if we assume that his statement in that respect was a conclusion of law and that he was mistaken, we find that the moneys were transmitted not later than 1881, and that in such year the testator died, and since the year 1882 the funds, or debts, or bonds and mortgages have been in the hands of the relator as administrator as owner, and not as agent of any one. His duty in regard to such funds is to distribute them as ordered by the will, subject to the lawful orders of the surrogate of the county in which the letters issued, and also subject to whatever rights the creditors resident in this state might have in regard to them. He was to distribute or pay debts. Certainly from the time when these ancillary letters were issued, which was in 1882, up to 1890, when this assessment was made, a sufficient period had elapsed to wholly change the original character of the funds, even assuming they were sent here for investment and were placed in the relator's hands for that purpose, and had been thus invested. If not, then a resident administrator, at the request of the distributees, could hold such funds permanently and pay the interest to the distributees, who might all be residents, and so in this manner such distributees could secure the exemption of the property from taxation while enjoying the protection of our laws and themselves residing here.

It does not seem that the case of *Ferrer* v. *Comrs. of Taxes* (42 Hun, 560; Affd. in Memoranda, 105 N. Y. 629) is at all like this. The funds in that case were originally sent by the testator from Cuba here for investment. The testator died and the relator, a resident of Cuba, was appointed his executor. Such executor came here and took out letters for the sole purpose of obtaining the moneys and disposing of them under the terms of the will, which directed him to invest a large portion of them in bonds of the United States. It was held that the funds were exempt because, as the court said, they had been sent here for investment and were still in the hands of the

original agent, and the testator had not changed his purpose up to the time of his death. The ancillary administrator was himself a non-resident, not subject to taxation, and the character of the funds in the hands of the New York agent had not changed so as to become taxable simply because of the death of their former owner so short a time before. Here the administrator takes the funds and as such has them in his possession and has held them for eight years, and he is a resident and the residuary legatees are residents: The *Ferrer* case is no authority for the decision herein appealed from.

Nor is the case of *Williams* v. *Supervisors of Wayne Co.* (78 N. Y. 561) at all like this. The property there was assessed to the plaintiff as agent, and it consisted of bonds and mortgages, some of which had been sent him for collection by the owner, who was a non-resident of the state, and the balance had been left or deposited with him for collection by such owner. This court held the property was exempt.

We think no exemption was made out under either of the above quoted sections of the statute, and for this reason the orders of the General and Special Terms should be reversed, the assessment reinstated and the writ dismissed, with costs in all courts.

All concur.

Orders reversed.